# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 572 | **DATE** | 8/30/2004 |
| **CASE TITLE** | USA vs. Norman Stapleton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to vacate, set aside, or correct sentence by a person in Federal Custody, is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 3 1 2004 | date docketed | |
| ✓ | Docketing to mail notices. | | | 94 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 AUG 30 PM 4:48 | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No: 02 CR 572 |
| | ) | 04 C 1303 |
| NORMAN STAPLETON | ) | |
| | ) | Judge John W. Darrah |
| | ) | |

DOCKETED AUG 31 2004

## MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought a two-count information against Defendant, Norman Stapleton. Thereafter, Defendant pled guilty to both counts of his information and was sentenced. At sentencing, Defendant received a two-level enhancement, pursuant to United States Sentencing Guideline § 3B1.3, because Defendant's truck driving skills were considered special skills that aided Defendant in committing the offenses. Defendant raised a number of issues, including whether his attorney at the time of sentencing failed to present a witness that would have exonerated Defendant. Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. For the following reasons, that motion is denied.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Defendant was charged in a two-count information, alleging that: (1) Defendant conspired to steal goods from interstate shipment, and (2) Defendant knowingly possessed goods stolen from interstate shipments. Thereafter, Defendant pled guilty to these charges without entering into a plea agreement with the Government.

94

The Presentence Investigation Report included a two-level enhancement, pursuant to pursuant to United States Sentencing Guideline § 3B1.3, for use of a special skill not possessed by members of the general public in a manner that significantly facilitated the commission of the charged offenses. Specifically, the Presentence Investigation Report contended that Defendant used his skills as a licensed commercial truck driver to drive his own semi-tractor to steal and transport the materials.

After hearing testimony and argument on the issue at the sentencing hearing, it was determined that Defendant did not qualify for a reduction, which Defendant sought, claiming he was a minor participant, under § 3B1.2. Additionally, it was found that Defendant used a special skill in a manner that significantly facilitated the commission of the offense; and, therefore, a two-level enhancement was appropriate.

Defendant objected to this enhancement but conceded that the use of truck driving skills was an appropriate basis for the special skill enhancement. Instead, Defendant argued that the enhancement did not apply to him because he did not participate in the theft at issue or drive his own semi-tractor to steal and transport the materials.

Subsequently, Defendant filed a Notice of Appeal in the United States Court of Appeals for the Seventh Circuit. Before the merits of the appeal could be considered, however, Defendant filed a motion to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b).

Defendant next filed the instant motion under 28 U.S.C. § 2255. Defendant raised a number of alleged errors, including: (1) false testimony was presented by Eugene Brock, a co-defendant in this matter, at Defendant's sentencing hearing; (2) Federal Bureau of Investigation

Special Agent John Newcomb presented incomplete testimony at Defendant's sentencing hearing; (3) the Government failed to honor a proffer agreement and instead used statements in the proffer agreement to aggravate Defendant's sentence; and (4) the sentence was miscalculated because an incorrect loss amount was attributed to Defendant.

Defendant also contends that he received ineffective assistance of counsel at his sentencing hearing because his attorney failed to adequately prepare. Specifically, Defendant argues that his attorney was ineffective because: (1) he failed to call certain witnesses that would demonstrate Defendant could not have driven his own semi-tractor to steal and transport the materials; and (2) he failed to rebut the Government's assertion that certain documents could not be accepted at face value as truthful, even though those documents could have been authenticated under the Federal Rules of Evidence.

An evidentiary hearing was later held on Defendant's motion. At the hearing, Defendant conceded that his only proper challenge "boiled down to one constitutional issue, and that is the ineffective assistance of counsel." (Mot. Hr'g, June 3, 2003, at 12).

In support of this argument, Defendant claimed that a written statement, which was purportedly made by a Clyvester Robinson and given to one of Defendant's prior attorneys, substantiates Defendant's alibi by showing Defendant did not participate in the theft at issue and did not drive his own semi-tractor to steal and transport the materials. According to Defendant, the statement would show that Defendant's semi-tractor was being serviced at the time of the theft at issue; and, therefore, Defendant could not have used his semi-tractor to commit the theft, as the Government contended. Defendant was the only person who testified at the evidentiary hearing.

However, Defendant did not produce a statement by Clyvester Robinson or live testimony from Clyvester Robinson at the hearing. Since the time of the evidentiary hearing, no filings have been made concerning the written statement.

## ANALYSIS

28 U.S.C. § 2255 provides that a prisoner in custody pursuant to a sentence of a federal court may collaterally attack a sentence for a number of various reasons. However, "the failure to raise an issue on direct appeal generally bars a defendant from raising it in a subsequent post-conviction proceeding." *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993). Thus, a defendant cannot raise non-constitutional issues that were not raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

In this case, Defendant could have raised the issues concerning false and incomplete testimony, the proffer agreement, and the sentence miscalculation on direct appeal. As noted above, Defendant conceded this point at the evidentiary hearing. Accordingly, these issues have been procedurally defaulted and cannot be raised in a § 2255 motion.

As to his ineffective assistance of counsel claim, Defendant argues that his attorney was ineffective at the sentencing hearing because: (1) he failed to call certain witnesses that would demonstrate Defendant could not have driven his own semi-tractor to steal and transport the materials; and (2) he failed to rebut the Government's assertion that certain documents could not be accepted at face value as truthful, even though those documents could have been authenticated under the Federal Rules of Evidence.

To succeed on his claim of ineffective assistance of counsel, Defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness, and

4

(2) Defendant suffered prejudice from the unreasonable performance. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (*Coleman*) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Reasonableness is measured under the standard of professional norms. *Coleman*, 318 F.3d at 760 (citation omitted). "To meet the prejudice prong, [Defendant] must show that but for counsel's error, the results would have been different." *Coleman*, 318 F.3d at 760 (citation omitted). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

Defendant's assertion that his attorney was ineffective at the sentencing hearing because he failed to call certain witnesses at the hearing does not show that Defendant was prejudiced, even if, contrary to any evidence, his attorney's performance fell below an objective standard of reasonableness. Defendant's motion claims that certain unnamed witnesses would exonerate Defendant by showing that he did not participate in the theft at issue and did not drive his own semi-tractor to steal and transport the materials. At the evidentiary hearing, Defendant repeated this claim and explained that a written statement, which was purportedly made by a Clyvester Robinson, would exonerate Defendant.

However, Defendant failed to present this written statement at the evidentiary hearing, or at any time after the evidentiary hearing. Defendant also failed to present live testimony from Clyvester Robinson. The only person that testified on behalf of Defendant was Defendant himself, and Defendant's self-serving testimony was not credible. Therefore, it cannot be said that, but for the errors, if any, made by Defendant's attorney at the sentencing hearing, the results would have been different.

5

Defendant's claim that his attorney failed to rebut the Government's assertion that certain documents could not be accepted at face value as truthful at the sentencing hearing fails to demonstrate that his attorney's performance fell below an objective standard of reasonableness. First, the Federal Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3). Second, simply demonstrating that a document is authentic does not preclude the opposing party from arguing that the document is not credible evidence. *See* Fed. R. Evid. 104(e).

Based on the above, Defendant has not demonstrated that he received ineffective assistance of counsel at the sentencing hearing.

Lastly, Defendant filed a supplemental memorandum of law contending that his sentence was in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), because certain facts may have been used to enhance Defendant's sentence without an admission by Defendant or an explicit finding by a jury. However, the holding of *Blakely* has yet to be extended retroactively. *Simpson v. United States*, No. 04-2700, 2004 WL 1636965, at *2 (7th Cir. July 23, 2004) (*Simpson*). Accordingly, Defendant's request under *Blakely* is denied without prejudice to refile a renewed application on *Blakely* grounds if the United States Supreme Court determines that *Blakely* applies retroactively. *Simpson*, 2004 WL 1636965, at *2.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

Dated: August 30, 2004

JOHN W. DARRAH
United States District Judge