Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 CR 572 | DATE | 12/14/2004 |
| CASE TITLE | USA vs. Norman Stapelton | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
4) ☐ Ruling/Hearing on _____ set for _____ at _____.
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ☐ Trial[set for/re-set for] on _____ at _____.
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, petitioner's application for a certificate of appealability is denied. Enter Memorandum Opinion and Order.

11) ■ [For further detail see order attached to the original minute order.]

| No notices required, advised in open court. | | | |
|---|---|---|---|
| No notices required. | | 2 cc to COA number of notices | Document Number |
| Notices mailed by judge's staff. | | DEC 15 2004 date docketed | |
| Notified counsel by telephone. | | | |
| Docketing to mail notices. | | | |
| Mail AO 450 form. | | docketing deputy initials | 101 |
| Copy to judge/magistrate judge. | | | |
| MF courtroom deputy's initials | | 2004 DEC 15 PM 2:32 U.S. DISTRICT COURT date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
)
v. ) No: 02 CR 572
) 04 C 1303
NORMAN STAPLETON )
) Judge John W. Darrah
)

DOCKETED DEC 15 2004

## MEMORANDUM OPINION AND ORDER

Following a hearing, Petitioner's, Norman Stapleton's, petition for a writ of habeas corpus was denied. *United States v. Stapleton*, No. 02 CR 572, 04 C 1303, 2004 WL 1965710 (N.D. Ill. Aug. 31, 2004). Petitioner seeks to appeal that ruling.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ." Petitioner now seeks a certificate of appealability.

Petitioner was sentenced on July 1, 2003, after which Petitioner filed a Notice of Appeal in the United States Court of Appeals for the Seventh Circuit. Before the merits of the appeal could be considered, however, Petitioner filed a motion to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b).

Petitioner then brought a § 2255 petition, raising a number of claims, including allegations that: (1) false testimony was presented by Eugene Brock, a co-defendant in this

/0/

matter, at Petitioner's sentencing hearing; (2) Federal Bureau of Investigation Special Agent John Newcomb presented incomplete testimony at Petitioner's sentencing hearing; (3) the Government failed to honor a proffer agreement and instead used statements in the proffer agreement to aggravate Petitioner's sentence; and (4) the sentence was miscalculated because an incorrect loss amount was attributed to Petitioner. Petitioner also raised a claim of ineffective assistance of counsel, contending that his attorney failed to adequately prepare for the sentencing hearing.

An evidentiary hearing was later held on Petitioner's motion. At the hearing, Petitioner conceded that his only proper challenge "boiled down to one constitutional issue, and that is the ineffective assistance of counsel." (Mot. Hr'g, June 3, 2004, at 12). As to this claim, Petitioner contended that a written statement substantiated his alibi. However, Petitioner did not present the written statement nor the author of that written statement to testify at the evidentiary hearing. In a written opinion dated August 31, 2004, the petition for a writ of habeas corpus was denied. *United States v. Stapleton*, No. 02 CR 572, 04 C 1303, 2004 WL 1965710 (N.D. Ill. Aug. 31, 2004).

## ANALYSIS

Petitions for writs of habeas corpus may be dismissed on procedural grounds, or a court can reach the merits of the petitioner's claims. Whether a certificate of appealability should issue after a petition was dismissed on procedural grounds has two components, and a court may address either of the components first. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (*Slack*). If the habeas petition is denied on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

2

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 485.

With regard to the claims dismissed on procedural grounds, jurists of reason would not find it debatable whether the procedural ruling was correct. Petitioner failed to seek direct appeal of those claims, and Petitioner's counsel conceded those claims were not properly before the Court.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

With regard to Petitioner's ineffective assistance of counsel claims, reasonable jurists would not find the assessment of those claims debatable. Petitioner failed to present any credible evidence concerning his ineffective assistance of counsel argument.

## CONCLUSION

For the reasons stated above, Petitioner's application for a certificate of appealability is denied.

Dated: December 14, 2004

JOHN W. DARRAH
United States District Judge

4